# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 31, 2018

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SHARON LITTRELL, *as Personal Representative* of the Estate of VALENA YVONNE CAHILL, *deceased*, | No. 17-796V |
| Petitioner, | Special Master Sanders |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Stipulation for Award; Influenza ("flu") Vaccine; Guillain-Barré Syndrome ("GBS"); Death |
| Respondent. | |
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Alexander Vuckovich*, Maglio Christopher and Toale, PA, for Petitioner.
*Robert Paul Coleman, III*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On June 14, 2017, Leo Cahill ("Mr. Cahill") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program as Personal Representative of the Estate of Valena Yvonne Cahill ("Ms. Cahill"), deceased.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  While the petition was pending, Sharon Littrell ("Petitioner") replaced Mr. Cahill as Personal Representative of the Estate of Ms. Cahill upon Mr. Cahill's death.[3]  The petition alleged that the influenza ("flu") vaccine Ms. Cahill received on December 3, 2015, caused her to suffer from Guillain-Barré Syndrome ("GBS"), which resulted in her death.  *See* Stip. at 2, ECF No. 33.

On October 31, 2018, the parties filed a stipulation in which they state that a decision

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged and confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] By Order dated February 12, 2018, the undersigned granted Petitioner's motion to substitute Ms. Littrell as Petitioner in the above-captioned case.

should be entered awarding compensation to Petitioner.  *Id.*  Respondent denies that the flu vaccine caused Petitioner's alleged GBS and death.  *Id.*  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $120,000.00 in the form of a check payable to [P]etitioner as Legal Representative of the Estate of Valena Yvonne Cahill.  This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.*

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

> s/Herbrina D. Sanders
> Herbrina D. Sanders
> Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SHARON LITTRELL, as Personal Representative of the Estate of VALENA YVONNE CAHILL, deceased )))))<br><br>Petitioner, )<br>)<br>v. )<br>)<br>SECRETARY OF HEALTH AND HUMAN SERVICES, )))<br><br>Respondent. ) | No. 17-796V (**ECF**)<br>Special Master Sanders |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Leo Cahill, as Personal Representative of the Estate of Valena Yvonne Cahill ("Ms. Cahill"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). While the petition was pending, Sharon Littrell ("petitioner") replaced Leo Cahill as Personal Representative of the Estate of Ms. Cahill upon Leo Cahill's death.[1] The petition seeks compensation for injuries and death allegedly related to Ms. Cahill's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Cahill received the influenza vaccine on or about December 3, 2015.

3. The vaccine was administered within the United States.

---

[1] By Order dated February 12, 2018, the Special Master granted petitioner's motion to substitute Ms. Littrell as petitioner herein.

4. Petitioner alleges that as a result of receiving the influenza vaccine, Ms. Cahill suffered from Guillain-Barré Syndrome ("GBS"). Petitioner further alleges that Ms. Cahill's death was a sequela of her GBS.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Cahill as a result of her condition and/or her death.

6. Respondent denies that Ms. Cahill suffered any injury as a result of the influenza vaccine administered on or about December 3, 2015, and denies that Ms. Cahill's death was a sequela of her allegedly vaccine-related GBS.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), respondent will issue the following vaccine compensation payment:

> A lump sum of $120,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Valena Yvonne Cahill. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the Special Master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et. Seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of the Estate of Ms. Cahill under the laws of the State of Oklahoma. No payment pursuant to this Stipulation shall be made until petitioner provides respondent with documentation establishing her appointment as legal representative of the Estate of Ms. Cahill. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the Estate of Ms. Cahill at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Ms. Cahill upon submission of written documentation of such appointment to respondent.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as the legal representative of the Estate of Ms. Cahill, on her own behalf, and on behalf of the Estate of Ms. Cahill, and Ms. Cahill's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and respondent from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services,

expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Cahill resulting from, or alleged to have resulted from, the vaccination administered on or about December 3, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about June 14, 2017, in the United States Court of Federal Claims as petition No. 17-796V.

14. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or respondent that the influenza vaccination caused Ms. Cahill's alleged GBS or any other injury or death.

4

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Ms. Cahill.

END OF STIPULATION

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*/s/ Sharon Littrell*
SHARON LITTRELL

ATTORNEY OF RECORD FOR PETITIONER:

For: */s/ Joseph A. Vuckovich*
JOSEPH A. VUCKOVICH
Maglio Christopher & Toale, PA
1775 Pennsylvania Avenue, N.W.
Suite 225
Washington, DC 20006
(941) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

Ward Sorensen for
NARAYAN NAIR, M.D.
Director, Division of Vaccine
Injury Compensation (DVIC)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: October 31, 2018

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Robert P. Coleman III*
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0274