# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 24, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| SHARON LITTRELL, *as Personal* | * | No. 17-796V |
| *Representative of the Estate of* | * | |
| VALENA YVONNE CAHILL, | * | Special Master Sanders |
| *deceased,* | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Joseph A. Vuckovich, Maglio Christopher and Toale, PA, Washington, D.C., for Petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 14, 2017, Leo Cahill ("Mr. Cahill") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program as Personal Representative of the Estate of Valena Yvonne Cahill ("Ms. Cahill").[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). While the petition was pending, Sharon Littrell ("Petitioner") replaced Mr. Cahill as Personal Representative of the Estate of Ms. Cahill upon Mr. Cahill's death. The petition alleged that the influenza vaccine Ms. Cahill received on December 3, 2015, caused her to suffer from Guillain-Barré syndrome ("GBS"),

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

which resulted in her death.  *See* Stip. at 2, ECF No. 33.  On October 31, 2018, the parties filed a stipulation for award of compensation, which the undersigned adopted as her decision awarding damages on the same day.  Decision, ECF No. 34.

On January 15, 2019, Petitioner filed an application for attorneys' fees and costs.  ECF No. 39 ("Fees App.").  Petitioner requests total attorneys' fees and costs in the amount of $26,265.35 (representing $23,608.80 in fees and $2,656.55 in costs).  Fees App. at 2.[3]  Petitioner also represents costs of $2,618.10 for work done by her local estate attorney. *Id.* Finally, pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred costs in the amount of $250.00 for a trust amendment. *Id*.  Respondent responded to the motion on March 5, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Resp't's Resp. at 2–3 (ECF No. 40).  Petitioner filed a reply on March 12, 2019, reiterating her belief that the amount requested for attorneys' fees and costs is reasonable.  Pet'r's Reply, ECF No. 41.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).  Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'"  Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[3] In her motion, Petitioner requests total fees and costs of $26,515.35.  Fees App. at 3.  This appears to be a typographical error, however, since the sum of Petitioner's requested attorneys' fees ($23,608.80) and requested attorneys' costs ($2,656.55) is $26,265.35.

reputation." *Id.* at 895, n.11.  Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests the following rates of compensation for the work of her attorney, Mr. Joseph Vuckovich: $275.00 per hour for work performed in 2016, $290.00 per hour for work performed in 2017, $300.00 per hour for work performed in 2018, and $320.00 per hour for work performed in 2019.  Fees App. Ex. 14 at 24.  Petitioner also requests that paralegals be compensated at rates between $135.00 per hour to $154.00 per hour depending on the paralegal and the year of the work.  *Id.*

The undersigned finds all the requested rates to be reasonable except for Mr. Vuckovich's 2019 rate.  Previously, the Chief Special Master considered the question of the proper rate for Mr. Vuckovich's 2019 work and ultimately awarded $315.00 per hour.  *See, e.g.*, *Parker v. Sec'y of Health & Human Servs.*, No. 17-321V, slip op. at 3 (Fed. Cl. Spec. Mstr. Mar. 11, 2019); *Webb v. Sec'y of Health & Human Servs.*, No. 16-1627V, slip op. at 3 (Fed. Cl. Spec. Mstr. Mar. 18, 2019).

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

The undersigned agrees with the analysis of the Chief Special Master and will also compensate Mr. Vuckovich at the rate of $315.00 per hour for 2019. This results in a reduction of **$2.50**.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds that some small reductions to the overall number of hours billed is required. First, Mr. Vuckovich appears to have billed his full rate for time spent traveling. Fees App. Ex. 14 at 6. It is well established that the Vaccine Program will only compensate attorneys for travel time at one-half of their typical rate absent some evidence that case-related work was being performed for part of that time. *Dougherty v. Sec'y of Health & Human Servs.*, No. 15-1333V, 2019 WL 1301903, at *3 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). Because Mr. Vuckovich billed a total of 2.7 hours at $290.00 per hour on travel, this results in a reduction of **$391.50**.

Second, the overall number of hours billed by paralegals requires a small reduction. The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. This manifested itself in several ways in the instant case. For example, even the most mundane filings made by Respondent and the Court, such as the notice of case assignment or orders granting extension of time, were typically reviewed by at least two individuals. The case was also worked on by nine individual paralegals, several of whom billed less than two hours of work, suggesting their role in the case could have been better accomplished by paralegals who were more substantively involved. One example of this occurred on October 10, 2017, when paralegal "RIS" billed to "[d]iligently review client file to determine case direction and update notes accordingly. Mark calendar for follow up and update file accordingly." Fees App. Ex. 14 at 9. However, RIS did not bill work in this case again until May 2018. *Id.* at 16. Thus, it is not apparent to the undersigned why RIS needed to diligently review the client file if she was not actively involved in the case.

For all these reasons, the undersigned finds that a reduction of 5% to the paralegal hours billed is appropriate. The billing records indicate that paralegals billed a total of $6,315.60 of time in this case. Fees App. ex. 14 at 24. This results in a reduction of **$315.78**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,656.55 in attorneys' costs. This amount comprises the cost of obtaining medical records, mailing costs, the Court's filing fee, and travel costs associated with counsel meeting with Petitioner. All the costs appear reasonable in the undersigned's experience and Petitioner has provided adequate documentation for them. Petitioner is thus entitled to the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred total costs of $2,868.10 (representing $2,618.10 in estate proceedings and $250.00 in trust amendment) in the pursuit of this litigation for the work of her local estate counsel. Petitioner has provided adequate documentation for these costs and they shall be reimbursed in full.

## II. Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $23,608.80 |
| (Reduction to Rates) | - ($2.50) |
| (Reduction to Total Hours) | - ($707.28) |
| **Total Attorneys' Fees Awarded** | **$22,899.02** |
| | |
| Attorneys' Costs Requested | $2,656.55 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,656.55** |
| | |
| **Total Attorneys' Fees and Costs** | **$25,555.57** |
| | |
| **Total Petitioner's Costs Awarded** | **$2,868.10** |
| | |
| **Total Amount Awarded** | **$28,423.67** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $25,555.57, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Joseph Vuckovich; and**

2) **A lump sum in the amount of $2,618.10, representing reimbursement for Petitioner's estate counsel, in the form of a check payable to Petitioner and Brennan & Wilson Attorneys at Law, 417 West Broadway, Muskogee, OK 74402; and**

3) **A lump sum in the amount of $250.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).